```
                                        FILED

                                     2000 APR 2_ P 4:54
                                     CLERK, US DIST. COURT
                                     EASTERN DIST. OF CALIF
                                         AT FRESNO
                                     BY_____
                                     DEPUTY
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE J. THOMAS, | CASE NO. CV-F-99-6781 AWI LJO |
| Plaintiff, | <u>SCHEDULING CONFERENCE ORDER</u> |
| v. | |
| CERES POLICE OFFICER JOHN CASALLS, et al. | Expert Disclosure:   December 1, 2000 |
| Defendants. | Supplemental Expert Disclosure:   December 8, 2000 |
| | Nonexpert Discovery Cutoff:   November 1, 2000 |
| | Expert Discovery Cutoff:   January 15, 2001 |
| | Pretrial Motion Filing Deadline:   January 19, 2001 |
| | Pretrial Motions Hearing Deadline:   February 23, 2001 |
| | Settlement Conf.:   Date   July 14, 2000<br>Time   10:30 a.m.<br>Magistrate Judge Hollis Best<br>Room 4017 |
| | Pretrial Conf.:   Date  — March 1, 2001<br>Time  — 8:30 a.m.<br>Dept.  — 6 (LJO) |
| | Jury Trial:<br>(5-10 days est.)   Date  — April 16, 2001<br>Time  — 9 a.m.<br>Dept.  — 6 (LJO) |



Pursuant to this Court's order, this matter came on for a mandatory scheduling conference on April 26, 2000 at 8:30 a.m. in Department 6 of this Court. Plaintiff Valerie J. Thomas appeared by telephone by counsel Kevin G. Little of Frampton, Williams & Little. The City of Ceres appeared by telephone by counsel Michael B. Ijams of Curtis and Arata and defendant Ceres Police Officer John R. Casaus (erroneously sued as John Casalls) appeared by telephone by counsel Michael J. Macko of Borton, Petrini & Conron, LLP. Pursuant to F.R.Civ.P. 16(b), the Court by this order sets a schedule for this action.

1. <u>Summary of the Case</u>

This is a 42 U.S.C. § 1983 and related claims action arising out of defendants' search of plaintiff's home.

2. <u>Summary of Pleadings</u>

Plaintiff filed the complaint on December 20, 1999. Defendant Ceres answered on January 10, 2000 and defendant officer Casaus answered on February 9, 2000.

3. <u>Summary of Factual and Legal Contentions</u>

For a summary of the factual and legal contentions, the Court refers to the parties' Mandatory Scheduling Conference Statement, filed April 13, 2000, at page 1, line 24 to page 3, line 27.

Plaintiff brought this civil rights action against the CITY OF CERES and JOHN CASAUS, individually, a Police Officer for the CITY OF CERES, as a result of an incident which took place on or about March 24, 1999. Plaintiff contends that OFFICER CASAUS entered her house without permission during a search of her home by other officers, physically assaulted plaintiff and made derogatory, sexist and racial comments to her. As a result of this incident, Plaintiff contends that she suffered physical, emotional and financial injuries and seeks compensation for these injuries. Specifically, plaintiff contends she sustained severe wrist and arm injuries that have left her permanently impaired. Plaintiff also contends she lost wages. Plaintiff further contends that she did nothing to provoke OFFICER CASAUS.

Defendant, OFFICER CASAUS, contends that he properly entered Plaintiff's home out of his concern for his fellow officers safety. OFFICER CASAUS further contends that the Plaintiff physically pushed him at least twice and when she attempted to push him a third time, it was necessary for

1  OFFICER CASAUS to place a brief restraint hold on the Plaintiff. Once the Plaintiff calmed down, the
2  restraint was released.

3       OFFICER CASAUS contends that all his actions were justified under the circumstances.

4       THE CITY OF CERES contends that Officer Casaus was at the police station and responded to
5  a robbery report on the police radio. He arrived at plaintiff's residence after plaintiff's son had been
6  taken into custody on suspicion of armed robbery, and after three Ceres police officers had received
7  permission from plaintiff to enter her residence to search for evidence of the crime. Officer Casaus was
8  aware that officers were inside plaintiff's residence searching for a handgun allegedly used in an armed
9  robbery by plaintiff's son, and that the officers inside had not found the weapon.

10      While officer Casaus was standing outside plaintiff's residence he observed the plaintiff at the
11 door or outside the residence in an agitated condition. Officer Casaus became concerned for the safety
12 of the officers inside the residence after he spoke with the plaintiff at the door of her residence, and
13 entered the residence to ascertain the safety of the officers inside conducting the search. When plaintiff
14 questioned officer Casaus about the reason for his entry, he explained to her that he needed to enter the
15 residence to check on the other officers.

16      Plaintiff attempted to prevent Officer Casaus from reaching the part of the apartment where the
17 other officers were conducting their search. This further raised his concern for the safety of the officers
18 inside.

19      Plaintiff apparently directed verbal abuse toward Officer Casaus, and then pushed and/or struck
20 him two or three times. Officer Casaus told the plaintiff not to push him or place her hands on him, but
21 plaintiff did not cease or desist in her conduct. Officer Casaus then took plaintiff by her left wrist,
22 placed her in a restraint hold, and placed her on the floor. Officer Casaus told plaintiff that he would
23 let her up as soon as she ceased struggling. Officer Casaus then released plaintiff, who got up from the
24 floor and ran to her bedroom.

25      The City of Ceres contends that Officer Casaus' actions in entering the apartment were based
26 upon a reasonable and good faith belief that he needed to ascertain the safety of the officers inside the
27 apartment. The City of Ceres further contends that Officer Casaus' actions in restraining plaintiff were
28 reasonable under the circumstances.

4. <u>Summary of Contested and Uncontested Facts</u>

For a summary of the contested and uncontested facts of this case, the Court references the parties' Mandatory Scheduling Conference Statement, filed April 13, 2000, at page 4, line 4 to page 5, line 12.

    A.    <u>Uncontested Facts</u>

        1.    On March 24, 1999, members of the Ceres Police Department came to plaintiff's home looking for one of her sons.

        2.    Plaintiff consented to a search of her home.

        3.    OFFICER CASAUS entered Plaintiff's home.

        4.    OFFICER CASAUS used force on the Plaintiff.

    B.    <u>Contested Facts</u>

        1.    Whether the City of Ceres Police Department officers went to Plaintiff's home in search of a suspect in an armed robbery.

        2.    Whether OFFICER CASAUS made sexist and/or racial comments to the Plaintiff.

        3.    Whether one of plaintiff's sons was a suspect in an armed robbery.

        4.    Whether the Plaintiff physically touched OFFICER CASAUS before the restraint hold was administered.

        5.    Whether OFFICER CASAUS made disrespectful and/or derogatory comments to the Plaintiff.

        6.    Whether plaintiff was cooperative or uncooperative with Officer CASAUS.

        7.    Whether OFFICER CASAUS was checking on the safety of his fellow officers when he entered plaintiff's home.

        8.    Whether OFFICER CASAUS applied a restraint hold.

        9.    Whether Plaintiff was "exposed" during the restraint hold process.

        10.    The mechanics as to how the restraint hold was applied.

11. Whether OFFICER CASAUS asked Plaintiff if she wanted to go to jail.

12. Statements made by a female officer following the incident with OFFICER CASAUS.

13. What was the purpose of the search of plaintiff's house.

14. Nature and extent of plaintiff's injuries.

15. Nature and extent of plaintiff's damages.

5. <u>Summary of Contested and Uncontested Legal Issues</u>

For a summary of the contested and uncontested legal issues, the Court references the parties' Mandatory Scheduling Conference Statement at page 5, line 14-19.

    A. <u>Uncontested Legal Issues</u>

The parties appear not to dispute jurisdiction and venue issues.

    B. <u>Contested Legal Issues</u>

The parties contest all other legal issues.

6. <u>Consent to Magistrate Judge</u>

Counsel for the parties indicated to the Court they consent to the conduct of all further proceedings, including trial, in this case before United States Magistrate Judge Lawrence J. O'Neill. Concurrently with this order, the Court has issued an Order to Forward and Return Magistrate Consent Form directing the clerk of this Court to mail a Consent to Exercise of Jurisdiction by a United States Magistrate Judge ("consent form") to plaintiff's counsel who is directed to sign and date the form, then to forward the consent form with the necessary signature to defendants' counsel for signature. Both defendants' counsel are directed to sign and date the consent form and return it to the Chambers of United States Magistrate Judge Lawrence J. O'Neill, 1130 "O" Street, Room 1116, Fresno, CA 93721.

7. <u>Expert Witnesses</u>

Any expert witness disclosures shall be served no later than December 1, 2000. Any supplemental expert witness disclosures shall be served no later than December 8, 2000. Notwithstanding the provisions of this Court's Local Rule 26-252(b), such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In

addition, F.R.Civ.P. 26(b)(4) shall apply to all discovery relating to expert witnesses and their opinions. Expert witnesses must be fully prepared to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness.

8. <u>Discovery Cut-Off</u>

All nonexpert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than November 1, 2000. All expert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than January 15, 2001.

9. <u>Pretrial Motion Schedule</u>

All pretrial motions, both dispositive and nondispositive (except discovery motions addressed above) shall be served <u>and filed</u> no later than January 19, 2001. All pretrial dispositive and nondispositive motions (except discovery motions addressed above) shall be set before the appropriate judge for a hearing no later than February 23, 2001.

10. <u>Mandatory Settlement Conference</u>

This matter is set for a mandatory settlement conference on July 14, 2000 at 10:30 a.m. before United States Magistrate Judge Hollis Best in Room 4017 of this Court. Unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> shall appear at the mandatory settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the conference.

At least five court days prior to the settlement conference, the parties shall submit <u>directly to the settlement conference judge's chambers</u> a confidential settlement conference statement. This statement <u>should neither be filed with the clerk of the Court nor served on any other party</u>. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

    A.    A brief statement of the facts of the case;

   B. A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

   C. A summary of the proceedings to date;

   D. An estimate of the cost and time to be expended for further discovery, pretrial, and trial;

   E. The relief sought; and

   F. The party's respective position on settlement, including present demands and offers, and a history of past settlement discussions, offers, and demands.

  Should the parties desire a settlement conference prior to the date set for the mandatory settlement conference, they should jointly request one of the Court, and one will be arranged. In making such request, the parties are directed to notify the Court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

  11. <u>Pretrial Conference</u>

  A pretrial conference is set for March 1, 2001 at 8:30 a.m. in Department 6 (LJO) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281(a)(2). In addition, the joint pretrial statement should include a brief factual summary and an agreed neutral statement of the case. The parties are further directed to submit an additional copy of their pretrial statement on a 3.5" computer disc formatted for WordPerfect 8.0.

  The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. The Court will insist upon strict compliance with those rules.

  12. <u>Trial Date</u>

  A jury trial is set for April 16, 2001 at 9 a.m. in Department 6 (LJO) of this Court. The parties estimate that trial will last 5-10 days.

  The parties' attention is directed to this Court's Local Rule 16-285.

  Defendants request bifurcation of punitive damages. Plaintiff does not request bifurcation of issues at trial.

13. <u>Effect of this Order</u>

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

DATED: April 25, 2000

                                                  LAWRENCE J. O'NEILL
                                          UNITED STATES MAGISTRATE JUDGE

```
              United States District Court
                         for the
                Eastern District of California
                       April 27, 2000


            * * CERTIFICATE OF SERVICE * *


                                   1:99-cv-06781


Thomas

    v.

Casalls

_____
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on April 27, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

AWI LJO HGB

```
Kevin Gerard Little
Frampton Williams and Little
2444 Main Street
Suite 110
Fresno, CA  93721

Michael J Macko
Borton Petrini and Conron LLP
PO Box 3384
Modesto, CA  95353

Michael B Ijams
Curtis and Arata
PO Box 3030
1300 K Street
Second Floor
Modesto, CA  95353
```

Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk